STATE EX REL. ATTY. GEN. v. M. GOOD.

1. EXECUTIVE COMMITTEE ALSO AGENTS OF CANDIDATE.

The fact that election expenditures, in behalf of a candidate, were made by the executive committee, is no defense to a prosecution, for the purpose of declaring the office vacant, under the Garfield law. The members of such committee may be at the same time agents for the candidate and the latter responsible for their expenditures in his behalf.

2. ILLEGAL ELECTION EXPENDITURES.

Under this rule, where it appeared that members of the executive committee of the party, while making the rounds of saloons and dance halls, expended money in behalf of a candidate which was not given in the latter's certificate of expenses, filed under the requirements of the Garfield law, the court held the certificate wilfully false and declared the office to which he had been elected vacant.

QUO WARRANTO.

This is an action against Mayor John M. Good, of Springfield, charging him with violating the Garfield law, and declaring his office vacant. This is the second case of the kind in Ohio, the first being that of Probate Judge Mason, of Adams county. Good was elected last April, by 11,000 plurality, as a Democrat in a Republican town.

ADAMS, J. (Memorandum of Opinion.)

In Mr. Good's case it was claimed by the defense that most of the contested expenditures were made by the regular executive committee, but the court held there was nothing to prevent men from being at the same time members of the committee and agents of Mr. Good. Court,

from the testimony in the case, held ex-Mayor Bill Burnett and J. S. Elliott the agents of Mr. Good, and decided that Mr. Good was as responsible for many of their expenditures and benefited as much from them as if he had made them himself. The court found that while making the rounds of saloons, dance halls and other places, Mr. Good had expended through them a sum amounting to $283.50, which was not given in his certificate of expenses, filed under the requirements of the Garfield law, and held the certificate wilfully false, in that these illegal expenses had not been stated in it. The court decided also, that Mr. Good had made ante-election promises of office to P. A. Hartman, J. Bolan and the Trades and Labor Assembly, these promises alone, rendering his election void. The case was brought against Mr. Good at the instance of E. E. Calhoon, president of the Trades and Labor Assembly, on account of Mr. Good's failure to appoint a man from the assembly on the board of public affairs, as he is said to have promised to do.